# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br><br>JORGE ELIECER ROJAS CUBILLOS,<br><br><br><br>Debtor | CASE NO.  12-01920 BKT<br>Chapter 7 |
| JORGE ELIECER ROJAS CUBILLOS,<br><br>Plaintiff<br>vs.<br><br><br>DORAL BANK; DORAL RECOVERY II, LLC; RUSHMORE LOAN MANAGEMENT SERVICES LLC; JOHN DOE and RICHARD ROE; INSURANCE COMPANIES X, Y OR Z,<br><br>Defendants | Adversary No. 15-00053 BKT<br><br><br><br><br>**FILED & ENTERED ON 10/02/2015** |

## OPINION AND ORDER

Before this Court is a *Motion to Dismiss* [Dkt. No. 15] filed by Rushmore Loan Management Services, LLC ("Rushmore"), along with Jorge Eliecer Rojas Cubillos' ("Debtor") *Opposition to Motion to Dismiss filed by Rushmore Loan Management Services LLC and Motion to Strike Exhibit filed in Spanish Language* [Dkt. No. 16], Rushmore's *Reply to the "Opposition to Motion to Dismiss..."* [Dkt. No. 22] and Debtor's *Surreply to Motion to Dismiss filed by Rushmore Loan Management Services LLC*

1

[Dkt. No. 25]. For the reasons set forth below, the Rushmore *Motion to Dismiss* is DENIED.

**I.        Facts of the matter at hand**

On March 15, 2012, Plaintiff filed a Chapter 7 Bankruptcy petition. At the time the bankruptcy petition was filed, Plaintiff gave notice of the filing to all creditors; who were informed that all actions or proceedings to enforce any claims or to levy on property of Plaintiff subsequent to the filing of the aforesaid petition were stayed by law. The notice mailed by the court to Defendant included the following warning to all creditors: "In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property… If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized."

The Order of Stay of Proceedings was served on Doral Bank and was received by the Defendant, including other documents filed in this case. Upon receipt of this notice and request, and this Court's Notice, Doral Bank was required, pursuant to 11 U.S.C. § 362, to stop any and all money actions against Plaintiff and his property.

Plaintiff listed as part of his real property in Schedule A, Apartment #1208, Condominio Caguas Tower, Caguas, Puerto Rico ("Apartment #1208"). In his bankruptcy Schedule D, Plaintiff included the secured debt of Doral Bank, mortgage account XXXXXX0544, and thereafter, notice of the bankruptcy petition was sent to Doral Bank. On July 2, 2012, Doral Bank filed Proof of Claim #3, for mortgage loan XXXXXX0544, secured by Apartment #1208. According to Proof of Claim #3, the principal amount of mortgage loan #XXXXXX0544 was $93,248.29.

On July 15, 2012, Doral Bank filed a motion for relief of stay, identified as "of acts against property under section 362 (d)(1) "CAUSE." The Motion for Relief of Stay, referred to Apartment #1208, as the secured collateral of mortgage loan #XXXXXX0544. On July 22, 2012, this court granted the Motion for Relief of Stay regarding Apartment #1208.

On December 11, 2013, Doral Recovery filed a motion before the Puerto Rico Court of First Instance, in Civil Case # ECD 2011-1173 to foreclose on Apartment #1208 of Condominio Caguas Tower. In said motion, Doral Recovery informed that it was the new owner of the note, requested to be named as the plaintiff to the suit in substitution of Doral Bank, and requested the state court to order the public sale of Apartment #1208.

On February 13, 2014, this Court issued Debtor's Discharge Order, that is, the court ordered the discharge of, among others, all of the Plaintiff's accounts with Doral Bank included in Schedule D. On July 18, 2014, the mortgage loan #XXXXXX0544 was sold to creditor Roosevelt Cayman Asset Company, whose agent was Roosevelt Management Company. Doral Bank became the servicer of the above-mentioned loan. On November 6, 2014, Rushmore sent a communication to Plaintiff, informing that it was the new servicer of mortgage loan #XXXXXX0544, effective November 1, 2016.

Despite the fact that Apartment #1208 was sold on October 29, 2014, and $47,975.00 was obtained from the public sale, in its letter, Rushmore alleged that Plaintiff still owed, as of October 31, 2014, the loan principal of $93,248.29, which is the same amount of principal listed in Proof of Claim number 3 before the public sale. In said letter, Rushmore requested payment from Plaintiff for a total amount of $120,425.83.

In his complaint, Plaintiff alleges that the actions perpetrated by Rushmore are a clear and willful violation of bankruptcy law and of the discharge injunction issued by this Court. Plaintiff contends that Rushmore had knowledge that its actions were wrong, had the power to prevent them or the power to aid in preventing the commission of the same, but neglected and refused to do so. Plaintiff argues that Rushmore's actions in this case, seeking to collect payment on a discharged debt, were a violation of the discharge injunction entered in Debtor's bankruptcy case pursuant to 11 U.S.C. § 524, and constitute contempt of this Court's discharge order. Plaintiff also alleges that Rushmore's conduct in this case has

frustrated the discharge order entered by this Court and has caused Plaintiff unwarranted and unnecessary loss of time, efforts and expenses in seeking to enforce the "fresh start" rights guaranteed by the Bankruptcy Code. As a result of this, Plaintiff states that Rushmore is liable to him for actual damages, punitive damages and legal fees under Section 105 of the Bankruptcy Code.

In its motion to dismiss, Rushmore argues that the contents of the welcome letter or notice sent by Rushmore in November 2014 are strictly regulated by the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, which imposes comprehensive regulations specifically tailored to the mortgage business, including provisions for handling servicing transfers and missing payments. Rushmore also contends that to establish a violation of 11 U.S.C. § 524, the plaintiff must prove that the defendant willfully violated the discharge injunction. The test for determining willfulness is: (1) defendant knew that the stay was in place, and (2) defendant intended the actions that violated the stay.

## II.    Dismissal standard of Rule 12(b)(6)

In a pair of watershed cases —Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) — the Supreme Court retreated from the historic pleading standard that it had previously established in Conley v. Gibson, 355 U.S. 41, 45-48 (1957), and replaced that standard with a standard centered on plausibility. This plausibility standard has become the "new normal" in federal civil practice. A.G. v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013).

The complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Grajales v. Puerto Rico Ports Auth., 682 F. 3d 40, 44 (1st Cir. 2012). Dismissal of a complaint is inappropriate if the complaint satisfies this Rule 8(a)(2)'s requirement. Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d 1, 11 (1st Cir.2011). In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Twombly, at

4

555; Katz v. Pershing, LLC, 672 F.3d 64, 72–73 (1st Cir.2012) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable...." Ashcroft v. Iqbal, at 678. A well-pleaded complaint may survive a motion to dismiss even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely. Twombly, at 556. On a motion to dismiss, however, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Thus, a plaintiff is not entitled to proceed perforce by virtue of allegations that merely parrot the elements of the cause of action. Ocasio–Hernandez v. Fortuno–Burset, at 12 (citing Twombly, at 555) (internal citations omitted).

Rushmore's *Motion to Dismiss* argues that pursuant to the dismissal standard of Rule 12(b)(6), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7012, Debtor's Complaint falls short of the standards for filing a claim. Debtor buttresses Rushmore's argument by providing a recital of facts, in short, a full throttle defense of Debtor's allegations.

In resolving a motion to dismiss the court must determine whether the factual content allows a reasonable inference that the defendant is liable for the alleged misconduct. The complaint must contain sufficient factual matter to state a plausible claim. Grajales, 682 F.3d at 44. Debtor, in this case, has met this burden. Therefore, the Defendant's motion to dismiss pursuant to Rule 12(b)(6) is denied.

    **III.    A motion to dismiss is not the proper procedural vehicle to rule on whether or not the Notice of Assignment, Sale or Transfer of Servicing Rights or the Notice of Delinquency have violated the Plaintiff's Discharge Injunction.**

This Court cannot adjudicate whether or not the Notice of Assignment, Sale or Transfer of Servicing Rights or the Notice of Delinquency violated the discharge injunction. A motion to dismiss is not the proper procedural vehicle for the court to rule on that specific issue.

**IV.     Conclusion**

WHEREFORE, IT IS ORDERED that Rushmore's *Motion to Dismiss* shall be, and it hereby is, DENIED.

SO ORDERED

In San Juan, Puerto Rico this 2nd day of October, 2015.

Brian K. Tester
U.S. Bankruptcy Judge

6