# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br><br><br>**JORGE ELIECER ROJAS CUBILLOS**<br><br><br><br>**Debtor(s)** | **CASE NO. 12-01920**<br><br>**Chapter 7**<br><br>**Adversary No. 15-00053** |
| **JORGE ELIECER ROJAS CUBILLOS**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**DORAL BANK, DORAL RECOVERY II, LLC; RUSHMORE LOAN MANAGEMENT SERVICES LLC; FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DORAL BANK**<br><br><br><br>**Defendant(s)** | <br><br><br><br><br><br><br><br><br><br><br>**FILED & ENTERED ON 12/22/2016** |

## OPINION & ORDER

Before the court is Defendant the Federal Deposit Insurance Corporation in its capacity as

Receiver for Doral Bank's ("FDIC-R") *Motion for Dismissal of Plaintiff's Claims with Prejudice for*

1

*Failure to take any Affirmative Action after the Disallowance of the Statutorily Mandated Administrative Remedies* [Dkt. No. 59]; *Plaintiff/Debtor's Objection to Motion to Dismiss by FDIC* [Dkt. No. 64] ; and, *FDIC-R's Reply in Response to Plaintiff's Objection to the Motion to Dismiss* [Dkt. No. 70]. For the reasons discussed below, FDIC-R's Motion to Dismiss is GRANTED.

FDIC-R's Motion to Dismiss is based on Plaintiff's failure to take any affirmative act to continue the case of reference against the FDIC-R after his administrative claim was disallowed. The requirement to take some action to continue is found in 12 U.S.C. § 1821(d)(6)(b). Contrarily, Plaintiff claims that he was not required to exhaust administrative remedies because the FDIC-R did not request the stay of the case within ninety (90) days after the date in which it was appointed Doral Bank's Receiver. Plaintiff argues that a timely and proper stay was needed in order for him to exhaust administrative remedies. Plaintiff also contends that the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") allows him to litigate his claims against the FDIC-R, at the same time, in both forums; to wit: at the FDIC-R's Claims Department and before this court. Otherwise, he would be penalized for filing an administrative claim.

When a claim is presented against a cease insure institution, FIRREA[1], grants authority to the FDIC regarding the determination of the allowance or disallowance of the claim, thereby providing the power for an administrative claim review of such determination. The procedure for determination of claims has a 180-day period, beginning on the date any claim against a depository institution is filed with the FDIC as receiver. No court may review the FDIC's determination of the disallowance

---

[1] 12 U.S.C. §1821 et seq.

2

of a claim. To review the determination of disallowance, the claimant has a sixty (60) day period to file an administrative claim review, beginning on the date the notice of disallowance was released, or continue an action commence before the appointment of the receiver. The filing of a claim with the receiver shall constitute a commencement of an action.

If any claimant fails to request administrative review or file suit on such claim before the end of the sixty (60) day period, the claim shall be deemed to be disallowed as of the end of such period. Such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

FIRREA establishes mandatory participation in the administrative claim review process for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver. When a claimant has been properly notified of the appointment of a federal insurer as receiver, and has nonetheless failed to initiate an administrative claim within the filing period, the claimant necessarily forfeits any right to pursue a claim against the failed institution's assets in any court[2].

In the case before us, Plaintiff received a notice requesting to file a claim against the failed institution, Doral Bank, by or before June 4, 2015. Plaintiff did not file a new action. On November 30, 2015, Plaintiff received the notice of the disallowance of his claim. During the sixty (60) day period after this notification, Plaintiff had to request an administrative review in compliance with the administrative procedures established by FIRREA or continue the adversary proceeding, by taking an

---

2 Marquis v. FDIC, 965 F.2d 1148 (1st Cir. 1992).

3

affirmative action to seek relief from this court. By failing to comply, this court lacks material jurisdiction and therefore, the FDIC-R's Motion to Dismiss is GRANTED.

SO ORDERED

San Juan, Puerto Rico, this 22nd day of December, 2016.

Brian K. Tester
U.S. Bankruptcy Judge